■ In the Matter of JUDITH CLAYTON, Individually and on Behalf of Her Infant Child, JUDITH A. CLAYTON, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent New York State Commissioner of Social Services, dated September 29, 1976, which, after a fair hearing, affirmed an order of the local agency granting petitioner's application for emergency assistance only to the extent of allowing her the replacement value of two beds. Petition granted to the extent that the determination is modified, on the law, by adding thereto, after the provision affirming the order of the local agency, the following: "except that petitioner is entitled to a further grant for the replacement value of clothing, linen, towels, rugs and bedspreads belonging to her which were destroyed by the flood." As so modified, determination confirmed, proceeding otherwise dismissed on the merits, without costs or disbursements, and matter remanded to the respondent

State commissioner for a hearing in accordance herewith. Petitioner and her 10-year-old daughter are recipients of public assistance in the aid to dependent children category. On August 9, 1976 flood waters precipitated by Hurricane Belle inundated petitioner's rented home. Photographs supplied by petitioner indicate that the interior water level reached a height of approximately one and one-half to two feet. Her testimony at the fair hearing indicated that clothing, linen, towels and rugs stored at low levels were destroyed by the flood. Based upon this evidence, the determination of the respondent State commissioner to deny petitioner's request for replacement of clothing and furnishings was arbitrary and not supported by substantial evidence (see CPLR 7803, subd 4). The evidence in the record requires the grant of emergency aid under subdivision 6 of section 131-a and subdivision 3 of section 350-j of the Social Services Law. Accordingly, the matter is remanded to the State commissioner for a hearing to determine the replacement value of those items. Petitioner's request for two vaporizers was properly denied since they are clearly not covered by the schedules in 18 NYCRR 352.7. The denial of petitioner's claim for living room furniture, i.e., a couch and chairs, was proper in view of her failure to meet her burden of showing that she owned them. Mollen, P. J., Suozzi and Cohalan, JJ., concur; Hawkins, J., dissents and votes to confirm the determination, with the following memorandum: Granted that the additional allowances the majority is adding to the petitioner's award by modifying the determination concern only the value of clothing and minor items; however, in so doing, it necessarily follows that we are deeming the determination of the State commissioner to have been arbitrary, capricious and unreasonable. From my examination of the record and the briefs, I find no basis for concluding that there was such dearth of substantial evidence as to hold that under the doctrine of law governing judicial review by appellate courts such a drastic modification is warranted. Understandably, the majority of my brethren are sympathetic to petitioner's plight; so am I. However, the very facts belie the premise upon which the majority would modify. The cardinal basis, so to speak, for surcharging the Department of Social Services is the alleged delay in expeditiously making an investigation of the depredation caused by Hurricane Belle on August 9, 1976. Yet, there exists a critical factor: the investigator was denied admission to petitioner's residence, irrespective of who properly or improperly denied him access. Of equal importance are the signal failures of petitioner to establish her ownership of the damaged property or to show what efforts she made to mitigate damages. Accordingly, I would confirm the determination.